IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

GEOFFREY DALTON,

Petitioner,

vs.                                                    Civil No.  13-cv-812-DRH-CJP

ZACHARY ROECKMAN,

Respondent.

## MEMORANDUM and ORDER

**HERNDON, Chief Judge:**

Petitioner Geoffrey Dalton pleaded guilty to a charge of criminal sexual assault in the Circuit Court of Adams County, Illinois, in May, 2009.  He was sentenced to ten years imprisonment to be followed by an indeterminate term of mandatory supervised release, ranging from three years to life.

On August 7, 2013, Dalton filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the imposition of the indeterminate term of supervised release.  This matter is now before the Court on respondent's Motion to Dismiss §2254 Petition as Time-Barred.  (Doc. 11).  Petitioner responded to the motion at Doc. 15.

## Relevant Facts

Dalton was sentenced on June 24, 2009.  At sentencing, the judge informed him that his sentence included a mandatory supervised release term of three years, but that he was also subject to an extended term of supervised release to be determined by the "Department of Corrections, the administrative authorities."

Doc. 1, pp. 11-12. Dalton did not file a direct appeal. Doc. 1, pp. 1-2.

Petitioner filed a state post-conviction petition on May 28, 2010, challenging the imposition of the indeterminate term of supervised release. Doc. 11, Ex. A. The petition was denied, and Dalton appealed. After the Appellate Court affirmed, petitioner filed a PLA to the Supreme Court of Illinois. The PLA was denied on September 26, 2012. Doc. 1, p. 19.

II. **Applicable Legal Standards**

28 U.S.C. § 2244 creates a one-year limitation period for filing a petition for writ of habeas corpus. Under 28 U.S.C. § 2244(d)(1), a person convicted in state court must file his federal habeas petition within one year of the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year statute of limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2).

The one-year statute of limitations is also "subject to equitable tolling in appropriate cases." *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). Equitable

tolling applies only where the petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562, citing *Pace v, DiGuglielmo,* 125 S. Ct. 1807, 1814 (2005). The Supreme Court has emphasized that "the circumstances of a case must be 'extraordinary' before equitable tolling can be applied." *Holland*, 130 S. Ct. at 2564.

## Analysis

Petitioner does not allege that his habeas claim arises out of newly-discovered facts or a newly-recognized constitutional right, or that the state created an impediment to filing. Therefore, §2244(d)(1)(A) applies, and the one-year limitations period began to run when his conviction became final upon expiration of the time for seeking direct review.

Dalton was sentenced on June 24, 2009. He had thirty days in which to file a motion to reconsider his sentence or a motion to withdraw his guilty plea, which is a prerequisite to filing an appeal from a judgment entered upon a guilty plea. Ill. Sup. Ct. Rule 604(d). Petitioner did not file either motion, so his conviction became final on July 24, 2009. The one-year limitations period began running on July 25, 2009,

Illinois applies the mailbox rule to post conviction petitions. See, *People v. Saunders*, 633 N.E.2d 1340, 1342 (Ill. App. Ct. 1994). Therefore, the state post-conviction petition is deemed to have been filed on May 28, 2010. The state concedes that the post-conviction petition was "properly-filed" and therefore

serves to toll the limitations period. See, Doc. 11, p. 3.

The one-year period ran for 307 days, from July 25, 2009, until May 27, 2010. It resumed running on September 27, 2012, the day after the PLA was denied.[1] The one-year period expired 58 days later, on November 24, 2012.

Dalton's habeas petition was not filed until August 7, 2013. It was untimely unless equitable tolling applies. Petitioner bears the burden of showing that he is entitled to equitable tolling. *Taylor v. Michael*, 724 F.3d 806, 810 (7th Cir. 2013).

Petitioner's explanation for why he waited so long to file his habeas petition is that he "followed the legal advice he was given." Doc. 15, p. 2. After his PLA was denied, the Assistant Appellate Defender who represented him sent him a letter stating that her representation of him was at an end. She enclosed an informational packet about other remedies which petitioner could pursue on his own. With regard to a federal habeas petition, the informational packet stated:

> There is a one year limitation for filing this petition. In most cases, the one year period runs from the date on which the judgment became final by the conclusion of direct appeal or the expiration of the time for seeking such review. There are other circumstances that will trigger the start of the one-year limitations period; however, these circumstances will not apply to most cases. The time during which a properly-filed state post-conviction petition is pending is not counted toward the one-year period of limitations.

Doc. 15, p. 10.

The above information is correct. And, even if it were incorrect, petitioner would not be entitled to equitable tolling. Incorrect legal advice as to the due date for a habeas petition is not an extraordinary circumstance justifying equitable

---

[1] The time during which petitioner could have filed a petition for certiorari is not tolled. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

tolling, "particularly in the postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 127 S. Ct. 1079, 1085 (2007). See also, *Holland v. Florida*, 130 S. Ct. 2549, 2552-2553 (2010). Further, petitioner's lack of experience with the legal system or his failure to understand his attorney's advice does not justify equitable tolling. "Lack of familiarity with the law, however, is not a circumstance that justifies equitable tolling." *Taylor v. Michael*, 724 F3d 806, 811(7th Cir. 2013).

### Certificate of Appealability

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where a habeas petition is dismissed on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). Both components must be established for a COA to issue.

Here, it is clear that Dalton's petition is time-barred. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of

appealability.

## Conclusion

Respondent's Motion to Dismiss §2254 Petition as Time-Barred (Doc. 11) is **GRANTED**.

This action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 20th day of March, 2014.

Digitally signed by David R. Herndon
Date: 2014.03.20 16:57:05 -05'00'

**Chief Judge**
**U.S. District Court**